IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | | |
|---|---|---|
| S.A., A.M.#1, A. M.#2, | ) | |
| | ) | |
| Plaintiffs | ) | 1:24-CV-00343-SPB |
| | ) | |
| vs. | ) | SUSAN PARADISE BAXTER |
| | ) | United States District Judge |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, GEORGE LITTLE, | ) | RICHARD A. LANZILLO |
| FORMER SECRETARY OF | ) | Chief United States Magistrate Judge |
| CORRECTIONS; MICHAEL ZAKEN, | ) | |
| DEPUTY SECRETARY WESTERN | ) | REPORT AND RECOMMENDATION ON |
| REGION; ALFONZIA NEWSOME, | ) | PLAINTIFFS' MOTION FOR DEFAULT |
| CORRECTIONS OFFICER; LISA | ) | JUDGMENT |
| GRAVES, FORMER SUPERINTENDENT | ) | |
| AT SCICS; DR. MCCLELLAN, | ) | |
| PSYCHIATRIST EMPLOYED AT SCICS; | ) | **RE: ECF NO.** 59 |
| CAPTAIN DUGAN, EMPLOYED AT | ) | |
| SCICS;  AND ANY OTHER AS YET- | ) | |
| IDENTIFIED EMPLOYESS OF THE | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, OFFICER MCCURDY, | ) | |
| OFFICER HOBACK, OFFICER SIGLER, | ) | |
| JOHN DOES, UNIT SERGEANTS #1-3; | ) | |
| AND JOHN DOES, PREA | ) | |
| COORDINATORS #1-3; | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## I.    Recommendation

Pending before the Court is Plaintiffs' motion for default judgment against Defendant Alfonzia Newsome ("Newsome") pursuant to Fed. R. Civ. P. 55(b)(2).  ECF No. 59.  It is respectfully recommended that the Court grant the motion, enter a default judgment as to liability against Defendant Newsome, and reserve the determination of damages for trial.

## II.    Report

### A.  Relevant Procedural History

Plaintiff S.A. commenced this action in the United States District Court for the Middle District of Pennsylvania.  The action was transferred to this Court on December 18, 2024.  *See* ECF No. 6.  Subsequent amended pleadings added Plaintiffs A.M. #1 and A.M. #2 as parties.  *See* ECF Nos. 13, 19.  Plaintiffs are inmates in the custody of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Facility at Cambridge Springs ("SCI-Cambridge Springs").  Plaintiffs' Second Amended Complaint ("SAC") is the operative pleading before the Court.  *See* ECF No. 19.  It asserts claims against the DOC, nine named current or former DOC employees, including Newsome, and six John Doe Defendants.  All claims of the SAC arise out of sexual harassment and abuse allegedly perpetrated by Officer Newsome against each of the Plaintiffs.

Plaintiffs duly served Newsome with the SAC and Summons at his place of residence on March 20, 2025.  *See* ECF No. 35.  To date, Defendant Newsome has not appeared pro se or through counsel, or filed an answer or otherwise responded to the SAC.

On February 9, 2026, Plaintiffs filed a request for the Clerk's entry of default against Newsome.  ECF No. 56.  The Clerk's entry of default was docketed against Newsome that same day.  ECF No. 57.  On February 10, 2026, Plaintiffs filed the instant motion for entry of default judgment on liability against Newsome, and to reserve determination of damages against him at trial.  ECF No. 59.

### B.  Standard of Review

Federal Rule 55(b) provides for the entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person, provided defendant's default has already been entered by the Clerk of Court.  Fed. R. Civ. P. 55(a), (b).  Where the movant is

not seeking default judgment for a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).  Importantly, "[e]ntry of default does not entitle a claimant to default judgment as a matter of right." *Asendia USA, Inc. v. AdvancePost, Inc.*, 2013 WL 877132, at *1 (M.D. Pa. Mar. 8, 2013) (citing James Wm. Moore, et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010).  Even when a plaintiff has satisfied the procedural steps for a default judgment, "[t]he entry of judgment by default pursuant to Fed. R. Civ. P. 55(b)(2) is within the discretion of the trial court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).  *See also Asendia*, 2013 WL 877132, at *1.  And though default judgments serve "as deterrents to delay in judicial proceedings," *Byrd v. Keene Corp.*, 104 F.R.D. 10, 11 (E.D. Pa. 1984)), "the Third Circuit Court of Appeals has repeatedly counseled that cases should be disposed of on the merits whenever practicable." *Liberty Bell*, 2018 WL 5885455, at *1 (citing *Catanzaro v. Fischer*, 570 Fed. Appx. 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

In undertaking a Rule 55(b)(2) evaluation, the district court must first "ascertain whether the unchallenged facts constitute a legitimate cause of action since the defaulting party has not admitted to mere conclusions of law" or allegations relating to the amount of damages. *Liberty Bell*, 2018 WL 5885455, at *1 (quoting *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 433 (E.D. Pa. 2015)).  If so, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Masciantonio v. United States*, 2022 WL 6702102, at *2 (3d Cir. Oct. 11, 2022) (per curium) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984))).  But where, like here, "a defendant fails to appear," "the district court

or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred," at least until the defendant moves to lift the default under Rule 55(c) or Rule 60(b). *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990). *See also Asendia*, 2013 WL 877132, at *1 ("when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c).")

### C.  Discussion

As detailed in the procedural history, Newsome has failed to appear in this action despite being served with the SAC and Summons on March 20, 2025, almost eleven months ago. The Clerk of Court entered default against Newsome on February 9, 2026, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

Under Rule 55(b)(2), Plaintiffs have moved for the Court to enter default judgment against Newsome as to liability alone, and to reserve the determination of damages for trial.  The Court finds that Plaintiffs' motion is procedurally proper.  Newsome was properly served but he has not responded to the SAC or otherwise appeared in this action.  Plaintiffs' Second Amended Complaint alleges facts sufficient to state claims against Newsome.

The Court has considered the three factors relevant to the entry of default judgment: (1) prejudice to Plaintiffs if default is denied−Plaintiffs have been unable to proceed with their claims against Defendant Newsome due to his failure to engage in the litigation, which would result in further delay and prejudice; (2) whether Defendant appears to have a litigable defense−Defendant has not appeared, and there is no indication of a valid defense; and (3) whether the delay is due to

culpable conduct−Defendant's continued failure to participate in this action constitutes culpable conduct. These factors strongly support the entry of default judgment.

### III.     Conclusion

For the foregoing reasons, it is respectfully recommended that Plaintiffs' motion for default judgment be granted and that default judgment be entered as to liability, with the issue of damages to be reserved until and determined at trial.

### IV.     Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 17th day of February 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE