IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.A., A.M. #1, and A.M. #2 )<br>                   Plaintiffs, )<br>                             )<br>            v.                )<br>                             )<br>PENNSYLVANIA DEPARTMENT )<br>OF CORRECTIONS, et al., )<br>                 Defendants. ) | C.A. No. 24-343 Erie<br><br>District Judge Susan Paradise Baxter<br>Chief Magistrate Judge Richard Lanzillo |

## MEMORANDUM ORDER

Plaintiff S.A., a female inmate incarcerated at the State Correctional Institution at Cambridge Springs, Pennsylvania ("SCI-Cambridge Springs"), originally commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Pennsylvania. The action was transferred to this Court on December 18, 2024 [ECF No. 6], and was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The complaint was subsequently amended on February 4, 2025, and again on March 10, 2025 to add Plaintiffs A.M. #1 and A.M. #2, who are also female inmates incarcerated at SCI-Cambridge Springs. [ECF Nos. 13, 19]. The second amended complaint is the operative pleading in this case and asserts claims against the Pennsylvania Department of Corrections ("DOC"), nine named Defendants employed by the DOC, and six unnamed Defendants (Unit Sergeants #1-3 and PREA coordinators #1-3). The named individual Defendants are former DOC Secretary George Little ("Little"), DOC Western Region Deputy Michael Zaken ("Zaken"), former SCI-Cambridge Springs Superintendent Lisa Graves ("Graves"), Dr, McClellan, a psychiatrist at SCI-

Cambridge Springs ("McClellan"),; and five SCI-Cambridge Springs corrections officers: Officer Alfonsia Newsome ("Newsome"), Captain Dugan ("Dugan"), Officer McCurdy ("McCurdy"), Officer Hoback ("Hoback"), and Officer Sigler ("Sigler").

Plaintiff asserts six causes of action arising from the alleged sexual harassment and abuse committed by Defendant Newsome against each of the three Plaintiffs: Count I – cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments; Count II – excessive and unreasonable force under the Fourth, Eighth and Fourteenth Amendments; Count III – failure to intervene in violation of the Eighth and Fourteenth Amendments; Count IV – state created danger in violation of the Fourth, Eighth and Fourteenth Amendments; Count V – deprivation of rights by virtue of special relationship in violation of the Fourth, Eighth and/or Fourteenth Amendments; and Count VI (misidentified as "Count XIV") – municipal liability against Defendant DOC only.

Defendants DOC, Little, Zaken, Graves, McClellan, Dugan, McCurdy, Hoback, and Sigler (collectively referred to as "DOC Defendants") filed a motion to dismiss all claims against them for failure to state a claim [ECF No. 36].[1] The motion was fully briefed by the parties.

On October 21, 2025, Chief Magistrate Judge Lanzillo issued a report and recommendation ("R&R") recommending that the DOC Defendants' motion be granted, such that Counts IV, V and VI (XIV) be dismissed with prejudice, and Counts I, II, and III be dismissed without prejudice and with leave to amend. [ECF No. 49]. In particular, as to Plaintiffs' Eighth Amendment claims at Counts I, II, and III, the R&R notes that Plaintiffs have

---

[1] Defendant Newsome was served on March 20, 2025, but has not appeared in this case either *pro se* or by counsel and has, thus, not joined in the DOC Defendants' motion.

failed to "plead facts regarding each DOC Defendant's personal involvement in conduct that contributed directly to their constitutional injuries, including the timing and substance of any notice of misconduct received by each DOC Defendant and the existence of any pattern of abuse and notice thereof coupled with acquiescence in response." (Id. at p. 22). Objections to the R&R were due to be filed by November 4, 2025; however, no objections have been received by the Court.

Thus, after *de novo* review of all relevant documents and pleadings in this case, together with the report and recommendation, the following order is entered:

AND NOW, this 18th day of February, 2026,

IT IS HEREBY ORDERED that the DOC Defendants' motion to dismiss [ECF No. 36] is GRANTED as follows:

1. The motion to dismiss Counts IV, V, and VI (misidentified as "Count XIV") of the second amended complaint is GRANTED and such claims are DISMISSED with prejudice; and

2. The motion to dismiss Counts I, II, and III of the second amended complaint is GRANTED and such claims are DISMISSED without prejudice to Plaintiff's right to file an amended complaint to correct the deficiencies noted in the R&R within twenty (20) days of the date of this Order. In the event Plaintiff fails to file an appropriate amended complaint within such time, the Court's dismissal of Counts I, II, and III against the DOC Defendants will be converted to a dismissal with prejudice without further notice.

The report and recommendation of Chief Magistrate Judge Lanzillo, issued October 21, 2025 [ECF No. 49], is adopted as the opinion of the court.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
Chief U.S. Magistrate Judge

All parties of record